# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:19-CR-346-K |
| | ) | |
| PERFECTO MARTINEZ HERNANDEZ | ) | |

## MEMORANDUM OPINION AND ORDER

By electronic order of reference dated April 10, 2020 (doc. 74), before the Court is the *Amended Motion for Bail Review*, filed April 10, 2020 (doc. 73). Based on the relevant filings, the evidence of record in the prior detention hearing, and the applicable law, the motion is **DENIED**.

## I. BACKGROUND

Perfecto Martinez Hernandez (Defendant) was charged by criminal complaint with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 on July 2, 2019. (*See* doc. 1.) The complaint alleged that on July 1, 2020, a confidential informant provided law enforcement agents information regarding a load of 80-100 kilograms of methamphetamine inside four tires of a vehicle at a residence, and he subsequently sent them video of the drugs being removed from the wheels. (*See id.*) The informant also provided information about another load of methamphetamine hidden in tires at another residence. (*See id.*) Defendant was arrested while leaving one of the residences, where he lived, after helping unload the methamphetamine from the tires, and approximately 80 kilograms of methamphetamine were seized and attributed to that location. (*See id.*) He made his initial appearance on July 2, 2020, the Government moved to detain him, and he waived his right to a detention hearing at that time due to an immigration hold, but reserved his right to ask for one if he was able to obtain a bond from immigration authorities. (*See* docs. 3, 8, 12, 13.) Defendant was subsequently charged by indictment on July 24, 2020, with

conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. (*See* doc. 49.)

Defendant now seeks a detention hearing as soon as possible and "short term temporary" pretrial release until his trial due to new information, i.e., the COVID-19 pandemic. (*See* doc. 73 at 1, 3-5, 9-11.)[1] He asserts that continued confinement in Dallas County's jail facility imposes an "exceptional risk" that he will be exposed to COVID-19 "in an environment that can neither contain, adequately test for, or treat" it, which violates his Fifth and Eighth Amendment rights. (*Id.* at 4-9.) In the alternative, he seeks to have the United States Marshal ordered to implement certain measures in order to protect him from COVID-19. (*Id.* at 11-12.)

## II. 18 U.S.C. § 3142(f)(2)

Citing "new information that bears on the issue of whether [his] short-term release is appropriate in response to the COVID-19 pandemic," Defendant seeks release from detention under 18 U.S.C. § 3142(f)(2). (*See* doc. 73 at 10-11.)[2]

Section 3142(f)(2)(B) of Title 18 provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] COVID-19 is an infectious disease caused by a new virus, and its resulting respiratory complications have resulted in thousands of deaths around the world and in the United States. *See United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at *4 (N.D. Tex. Apr. 6, 2020) (citations omitted). According to the Center for Disease Control (CDC), persons with underlying medical conditions, such as heart disease, lung disease, diabetes, asthma, and obesity, are at a higher risk of developing serious COVID-19 illness. *See id.* (citations omitted). The CDC has acknowledged the particular challenges faced by correctional and detention facilities in controlling the transmission of COVID-19. *See id.* (citations omitted).

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 F. App'x 507, 510 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989). New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. *U.S. v. Jerdine,* 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new) (citing, in part, *Hare,* 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*). Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable. *See U.S. v. Stanford*, 341 F. App'x 979, 984 (5th Cir. Aug. 24, 2000).

Defendant's "new information" consists solely of his concerns of contracting COVID-19 at the Dallas County jail, where he is confined. Some courts have held that because a defendant's concerns of heightened COVID-19 risks while incarcerated would not typically factor into an analysis of whether to reopen detention under 18 U.S.C. § 3142(f)(2), which focuses on whether conditions can be set that reasonably assure the safety of the community and the defendant's appearance in court, they are more properly addressed under § 3142(i). *See United States v. Terrone,* No. 3:19-CR-00058-RCJ-CLB, 2020 WL 1844793, at *5 (D. Nev. Apr. 10, 2020) (citing *United States v. Clark*, __F.Supp.3d__, 2020 WL 1446895, at *5 (D. Kan. Mar. 25, 2020)); *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020) (also citing *Clark*). This Court agrees with this approach, and it seems particularly applicable here, where there

was no detention hearing to reopen because Defendant waived his right to a hearing based on an immigration detainer. Because he seeks "short-term temporary" release pending his trial based on the COVID-19 pandemic, his motion is construed as seeking temporary release under 18 U.S.C. § 3142(i), and not as seeking to reopen the detention hearing under § 3142(f). *See id.*; *see also United States v. Dunn,* No. 3:19-cr-503-X (N.D. Tex. Apr. 13, 2020), doc. 27 at 1-2 (construing motion for pretrial release by defendant who waived hearing due to COVID-19 concerns as arising under § 3142(i)).[3]

### III. 18 U.S.C. § 3142(i)

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). The defendant bears the burden to show that temporary release is necessary. *Wright,* 2020 WL 1694298, at *4 (quoting *United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013)); *United States v. Isaacs*, No. 1:19-cr-37, 2020 WL 1695155, at *3 (S.D. Ohio Apr. 7, 2020); *United States v. Slaughter*, No. 3:18-cr-00027, 2020 WL 1685117, at *2 (S.D. Tex. Apr. 6, 2020).

Courts have noted the limited existence of authority delineating what constitutes a "compelling reason" under § 3142(i). *Wright*, 2020 WL 1694298, at *4 (quoting *Clark*, 2020 WL 1446895, at *4). Although a medical condition may suffice, relief has typically been granted only

---

[3]Defendant also cites 18 U.S.C. § 3143(a)(2) as a basis for release. (*See* doc. 73 at 8-9.) That statute governs release pending sentencing or appeal, however. *See* Fed. R. Civ. P. 46(a) (states that § 3142 governs pretrial release, while paragraph (c) of that rule states that § 3143 governs release pending sentencing or appeal). Because Defendant has not been adjudicated guilty and is pending trial, § 3143(a)(2) does not apply.

sparingly, such as where the defendant is suffering from a terminal illness or serious injuries. *See id.* Nevertheless, requests for release in light of the COVID-19 pandemic have been considered under the "compelling reason" prong of § 3142(i). *Id.* at 5, citing *Clark*. The growing number of jurisdictions using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong, and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted. *See id.*, citing *Clark*; *see also United States v. Hussein*, No. 20-mj-0089 (HB), 2020 WL 1853656, at *4 (D. Minn. Apr. 13, 2020); *United States v. Lake*, No. 3:19-cr-00500-RM, 2020 WL 1852435, at *3 (D. Col. Apr. 13, 2020); *United States v. Liverman*, No. 19-CR-761-13 (JPO), 2020 WL 1847864, at *1 (S.D.N.Y. Apr. 13, 2020); *United States v. Sanchez,* No. 1:19-CR-152, 2020 WL 1814159, at *3-5 (M.D. Pa. Apr. 9, 2020); *United States v. Shelton*, No. 3:19-cr-14, 2020 WL 1815941, at *4 (W.D. Ky. Apr. 9, 2020); *United States v. Kelly*, No. 19-MJ-4475 (MAH), 2020 WL 1847668, at *2 (D. N.J. Apr. 9, 2020); *United States v. Massey-Love*, No. 1:19-cr-184-8, No. 2020 WL 1703737, at *3 (N.D. Ohio Apr. 8, 2020); *United States v. Pruitt*, No. 17-cr-20184-4, 2020 WL 1698661, at *6 (E.D. Mich. Apr. 8, 2020); *United States v. Hanson*, No. , 2020 WL 1692967, at *2 (D. Mont. Apr. 7, 2020); *United States v. Oury*, No. CR419-080, 2020 WL 1693676, at *2 (S.D. Ga. Apr. 7, 2020); *Terrone,* 2020 WL 1844793, at *5; *Slaughter*, 2020 WL 1685117, at *2. In *Clark*, the court enumerated four factors to be considered as a whole, but not necessarily equally, while making this determination: "(1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." 2020 WL 1446895,

at *3. While these factors provide a useful guide for an individualized determination, a detailed analysis of all four appears unnecessary under the weight of the authority cited above where the defendant has presented only generalized concerns and speculation concerning the potential for infection.

In this case, Defendant has presented no specific considerations relating to him. He does not allege that there is an outbreak at the facility where he is being detained. *See United States v. Aguirre-Maldonado,* No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *2 (D. Minn. Apr. 9, 2020); *United States v. Busby*, No. 2:19-cr-143-Z-BR (N.D. Tex. Mar. 30, 2020), doc. 41 at 5. He does not allege that he has any underlying condition that makes him more susceptible to severe illness from COVID-19. *See United States v. Fason*, No. 1:11-cr-12-21, 2020 WL 1820581, at *2 (N.D. Ohio Apr. 10, 2020). Nor does he alleged that he has been exposed to anyone who is symptomatic or has been diagnosed with COVID-19. *See Wright,* 2020 WL 1694298, at *6; *United States v. Adamu*, No. (S1) 18 Cr. 601 (PGG), 2020 WL 1821717, at *5 (S.D.N.Y. Apr. 10, 2020). He does not allege that the measures in place at his detention facility are insufficient to address his generalized concerns. *See Wright,* 2020 WL 1694298, at *6, citing *United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at * (N.D. Tex. Apr. 6, 2020) (citations omitted). In *Wright*, the court noted that "'[a]s for local pretrial detention facilities the Marshals Service contracts with, each has their own internal procedures as to how they are dealing with the COVID-19 virus and are following CDC guidelines to the best of their ability. Each facility has updated their intake procedures, which includes screening each new inmate for the COVID-19 symptoms, and will deny entry into their facility if an inmate demonstrates any symptoms.'" *Id.* at 6; *see also Morris,* 2020 WL 1694301, at *5 ("The United States Marshal's Office for the Northern District of Texas has confirmed that all

of the facilities in which it houses federal detainees are implementing practices to protect detainees in accordance with CDC guidelines."); *United States v. Thomas*, No. 3:18-cr-428-N, 2020 WL 1694302, at *4 (N.D. Tex. Apr. 3, 2020) (same). The government's motion also attaches to Dallas County's plan to deal to prevent the spread of COVID-19, which includes some of the measures that Defendant alternatively seeks to have ordered. (*See* doc. 76 at 11-14; doc. 76-3.) Defendant's generalized concerns alone are insufficient to show a compelling reason for temporary release, or for his alternate request for relief.

As noted, Defendant waived his right to detention hearing, so he presented no evidence to overcome the rebuttable presumption invoked by the government under § 3142(e)(2) that there are no conditions of release that can be set to assure the safety of the community or his appearance at court.[4] (*See* doc. 3.) The indictment reflects that Defendant is charged with a drug offense for which the statutory maximum is more than ten years as well as being a felon unlawfully in possession of a firearm. (*See* doc. 49.) The criminal complaint attributes at least 80 kilograms of methamphetamine to the conspiracy in which Defendant is charged, and he lived at the residence where those drugs were unloaded. (*See* doc. 1.) His waiver of detention hearing reflects that he has no legal status in the United States, resulting in an immigration detainer. (*See* doc. 12.) Defendant's motion also presents no evidence to overcome the presumption of detention.

"While Defendant's concerns about the pandemic are not without merit, that alone is insufficient to warrant release without consideration of the Section 3142(g) [detention] factors." *United States v. Okhumale*, No. 3:20-cr-122-L, 2020 WL 1694297, at *6 (N.D.Tex. Apr. 7, 2020);

---

[4]No position is taken on whether waiving a detention hearing with a reservation for seeking one if Defendant is able to obtain a release of the immigration detainer deprives him of relief under § 3142(f)(2). *See United States v. Munguia*, No. 3:19-cr-191-B, 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020).

*see also United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180, at \*3 (N.D. Tex. Mar. 31, 2020) ("the court cannot not release every detainee who may be at risk of contracting COVID-19, as it would then be required to release all detainees."). On this record, Defendant has not shown a compelling reason for why temporary release is necessary.

### III. DUE PROCESS

Defendant argues that his continued pretrial detention violates his constitutional right to due process under the law, citing the Fifth and Eighth Amendments. (*See* doc. 73 at 4-5.)

The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "The protections of the Eighth Amendment ... are limited in scope to convicted prisoners and do not apply to pretrial detainees" such as Defendant, however. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). A federal pretrial detainee's constitutional rights related to conditions of confinement instead flow from the Due Process Clause of the Fifth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Morin*, 77 F.3d at 120. It provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V.

"[P]retrial detention under the Bail Reform Act does not on its face violate the due-process clause of the Fifth Amendment." *United States v. Hare*, 873 F.2d 796, 800 (5th Cir. 1989), citing *United States v. Salerno*, 481 U.S. 739, 742 (1987). "The Due Process Clause of the Fifth Amendment prohibits holding pretrial detainees under conditions that amount to punishment." *United States v. Arce*, 30 F.3d 1494, 1994 WL 399506, at \*7 (5th Cir. 1994), citing *Bell*, 520 U.S. at 535. Pretrial detention in order to secure a defendant's appearance or protect the public is not punitive. *See Salerno*, 481 U.S. at 748. "Because pretrial detention under the Act is regulatory, not

penal, it does not constitute 'impermissible punishment before trial' that would violate due process."

*Hare,* 873 F.2d at 800, quoting *Salerno*, 481 U.S. at 742; *see also United States v. Stanford*, 394 F.

App'x 72, 74, 2010 WL 3448524, at *1 (5th Cir. 2010) (the due process clause "'forbids pretrial

detention that is punitive, rather than regulatory, in nature'")(citing *Salerno*, 481 U.S. at 747–48)).

As long as it is reasonably related to a legitimate governmental objective, pretrial detention without

more does not amount to punishment; detention that is not reasonably related to a legitimate goal,

or is arbitrary or purposeless, may constitute constitutionally prohibited punishment, however. *See*

*Bell*, 520 U.S. at 539.

Although the Fifth Circuit does not appear to have considered whether continued pretrial

detention in light of the COVID-19 pandemic violates the Due Process Clause of the Fifth

Amendment, trial courts in this district have rejected such challenges. *See United States v. Preston*,

No. 3:19-cr-651-K, 2020 WL 1819889, at *4 (N.D. Tex. Apr. 11, 2020), citing *United States v.*

*Shelton, et al.*, No. 3:19-cr-14, 2020 WL 1815941, at *7 (W.D. Ky. Apr. 9, 2020) (rejecting general

argument that detention during the COVID-19 pandemic violated the defendant's due process

rights); *United States v. Graham*, No. 19-cr-185(2) (SRN/KMM), 2020 WL 1685912, at *6 (D.

Minn. Apr. 7, 2020) (noting the absence of evidence that the jail was unable to effectively monitor

or treat the defendant if he contracted COVID-19, or that he was at a higher risk of contracting it

in general or in custody than if released); *United States v. Knight*, No. 3:19-CR-0038-MMD-CLB,

2020 WL 1676959, at *13 (D. Nev. Apr. 6, 2020) (finding that the COVID pandemic did not change

the analysis for the defendant's detention where it was reasonably related to a legitimate government

interest); *United States v. Villegas*, No. 2:19-cr-568-AB, 2020 WL 1649520, at *2–3 (C.D.Cal. Apr.

3, 2020)(noting that while detention during a pandemic may seem punitive, there was no evidence

of arbitrary and punitive intent where the Bureau of Prisons was responding to prevent infectious outbreak, protect inmate health, and preserve internal order); *United States v. Moran*, No. SAG-19-0585, 2020 WL 1663366, at \*2 (D. Md. Apr. 3, 2020) (noting that while detaining person during a pandemic was not optimal, the measures taken by the prison facility were reasonable under the circumstances, so the defendant's allegations did not rise to the level of a constitutional violation); *United States v. McDonald*, No. 2:19-cr-00312-KJD-VCF, 2020 WL 1659937, at \*3 (D. Nev. Apr. 3, 2020) (finding that the defendant's detention was reasonably related to legitimate government interests of protecting the community and ensuring his appearance at trial as outlined in the original detention order, and that the COVID-19 pandemic did not change the analysis under the Due Process Clause); *United States v. Boatwright*, __F. Supp.3d__, 2020 WL 1639855, at \*6–7 (D.Nev. Apr. 2, 2020) (rejecting general Fifth Amendment arguments that applied equally to any detainee, and noting that the prison was taking reasonable recommended precautions); *United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049, at \*5 (D.D.C. Mar. 30, 2020)(rejecting Fifth Amendment arguments in light of aggressive precautions being taken by the prison to prevent the spread of COVID-19); *United States v. Cox*, __F.3d__, 2020 WL 1491180, at \*6 (D.Nev. Mar. 27, 2020)(finding that the defendant's detention was reasonably related to legitimate government interests where he had been found to be a danger to the community and a flight risk, and that the COVID-19 pandemic did not change the analysis under the Due Process clause); *see also United States v. Parrish*, No. 3:19-cr-160-L (N.D. Tex. Apr. 14, 2020), doc. 93 at 12-14, quoting *Preston*; *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at \*6 (N.D. Tex. Apr. 7, 2020); *Liverman*, 2020 WL 1847864, at \*2 (noting that pretrial detention under the Bail Reform Act is regulatory in nature and does not violate due process); *Wright,* 2020 WL 1694298, at \*4 (noting that

the Supreme Court has generally upheld the constitutionality of the Bail Reform Act, under which the defendant was detained, as serving regulatory and not punitive ends), citing *Stanford*, 394 F. App'x at 74.

As noted, Defendant is charged in a conspiracy to possess with intent to sell approximately 80 kilograms of methamphetamine, and he is subject to an immigration detainer based on lack of legal status. His continued detention to ensure the safety of the community and his appearance in court is reasonably related to legitimate government interests, and despite the COVID-19 pandemic, it does not violate his rights under the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on April 14, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE